2002 OK JUD ETH 7

**JUDICIAL ETHICS OPINION 2002–7.**

**No. 2002–7.**

Oklahoma Judicial Ethics Advisory Panel.

Aug. 2, 2002.

QUESTIONS:

1. May a sitting judge of the District Court, send a letter of recommendation to a law school on behalf of the child of a friend?
2. If so, is it improper to send the letter on official letterhead?

WE ANSWER:

1. Yes, subject to certain conditions.
2. No, as to the specific fact situation, with comments regarding other types of recommendations.

Canon 2B: "... A judge should not lend the prestige of judicial office to advance the private interests of the judge or others; ..."

DISCUSSION

We have reviewed opinions on the subject from Commissions from the states of Texas, Illinois, Florida, Alabama, Washington, West Virginia and Pennsylvania. These questions and similar questions as to letters of recommendation appear to be ones frequently addressed to the Judicial Ethics Commissions of the various states. Our research shows that no state ethics commission has interpreted its Canons to automatically prohibit such activity under appropriate circumstances. A few states prohibit the use of "official letterhead" but most do not. Pennsylvania, which at one time prohibited the use of official letterhead, later found that issue to be de minimis and held that anything that was appropriate for a judge to otherwise write, could be written on official stationery. We find this reasoning to be sound.

Pennsylvania's Judicial Ethics Committee (Formal Opinion 98–1) adopted guidelines with regarding to letters of reference. We recommend the following guidelines to the Oklahoma Judicial Conference:

(1) A judge should never write a letter of reference for a person whom the judge does not personally know.

(2) A judge may write a letter of reference if it is the type of letter that would be written in the ordinary course of business (e.g., a court employee seeking a reference to his or her work history). The letter should include a statement of the judge's personal knowledge.

(3) The letter should ordinarily be addressed and mailed directly to the party or organization for whom the information is being written. A "To Whom it May Concern" letter should be avoided unless it is on behalf of a personal employee of the judge who is seeking other employment.

(4) The Commission recognizes that a judge may be asked to write a letter of recommendation of a purely personal nature, such as the inquiry to which this opinion responds. Such letters may be written if they are the type of letter that a judge would normally be requested to write as a result of a personal relationship.

(5) Any letter that is appropriate for a judge to write may be written on official stationery.

/s/ Robert L. Bailey, Chairman.

/s/ Robert D. Simms, Vice Chairman.

/s/ Milton C. Craig, Secretary.